## J. IRVING PEARCE AND WELCOME HYDE v. ELISHA C. WARE.

*Sale—Fraudulent representations — Rescission — Equity — Parties.*

1. Where a purchaser of land combines with the agent of the owners to buy the land of the principals, and to take advantage of the agent's betrayal of his trust, and profit by a reduction from the price which he had previously agreed with the agent to pay, he is not in a position to complain of the misstatements of the agent in regard to the land, nor will equity relieve him if, under such circumstances, he is deceived by the agent.

2. Where a vendee secures a portion of the purchase price by his note and a mortgage on the land, and the securities are assigned to one of the two vendors, who receives enough of the cash payment to make, with the securities, his half of the purchase price, and he brings a suit to foreclose the mortgage, and the vendee defends on the ground of alleged fraudulent representations by the vendors and their agent, who negotiated the sale, and who was to share equally with the vendee in the profits realized from the land, no decree of rescission can be made until the other vendor and the agent are made parties to the foreclosure suit.

Appeal from Marquette. (Stone, J.) Argued November 1, 1892. Decided December 23, 1892.

Bill to foreclose a mortgage. Defendant appeals. Decree affirmed. The facts are stated in the opinion.

*Ball & Hanscom,* for complainants, contended:

1. Statements of value are usually matters of opinion upon which the purchaser is not entitled to rely; citing *Medbury v. Watson,* 6 Metc. 246, 260; *Manning v. Albee,* 11 Allen, 520; *Ellis v. Andrews,* 56 N. Y. 83; *Van Epps v. Harrison,* 5 Hill, 63; and exaggeration in matters of opinion does not constitute fraudulent misrepresentation; citing *Dawson v. Graham,* 48

94 MICH.—21.

Iowa, 378; *Gordon v. Butler*, 105 U. S. 553; *Holbrook v. Connor*, 60 Me. 578; *Uhler v. Semple*, 20 N. J. Eq. 291.

2. The statements that much of the land was good farming land; that it had nearly $30,000 worth of hemlock on it, and that it could be sold in Escanaba or Marquette any day for $25,-000, even if made, were matters of opinion, and could not have been otherwise understood. At least, it would need to be shown that such opinions were absolutely without foundation, intended to be relied on, and were knowingly false; citing *Collins v. Jackson*, 54 Mich. 186.

*Dallas Boudeman,* of counsel for defendant, contended:

1. Where a transaction which has been entered into has been induced by fraud, it is voidable at the instance of the defrauded party; citing *Carroll v. Rice,* Walk. Ch. 373; *Galloway v. Holmes*, 1 Doug. 330; *Jewett v. Petit*, 4 Mich. 508; *Dunks v. Fuller*, 32 Id. 242.

2. Where a transaction, such as this one, rests upon fraud or false representations, it can be avoided by the party defrauded, even though the principal, or all of the joint contracting parties, did not fully know of all the means used for the deception, or did not know of the representations. The court in such a case would place all parties *in statu quo*, and if any of the parties are innocent of any moral wrong they are not financially injured; citing *Gardner v. Ogden*, 22 N. Y. 327; *Conkey v. Bond*, 36 Id. 427; *Taussig v. Hart*, 58 Id. 425; *Bain v. Brown*, 56 Id. 285; *Tewksbury v. Spruance*, 75 Ill. 187; *Bischoffsheim v. Baltzer*, 20 Fed. Rep. 890; *Adams v. Sayre*, 70 Ala. 318; *Marsh v. Whitmore*, 21 Wall. 178; *Ruckman v. Bergholz*, 37 N. J. Law, 437; *Francis v. Kerker*, 85 Ill. 190; *Steinbach v. Hill*, 25 Mich. 78.

3. It may be claimed by complainants that the statement of these parties as to the value of the lands is but the expression of opinion. This is not true in such a case as this; citing *Wright v. Wright*, 37 Mich. 55; *Nowlin v. Snow*, 40 Id. 699; *Holcomb v. Noble*, 69 Id. 396; *Manning v. Albee*, 11 Allen, 520; *Simar v. Canaday*, 53 N. Y. 298; *Burr v. Willson*, 22 Minn. 206.

*Clark & Pearl (E. M. Irish,* of counsel), for defendant.

MONTGOMERY, J.   This is a bill filed to foreclose a mortgage for $8,000 given on lands in the county of Marquette

to secure a portion of the purchase price thereof. The complainant Pearce is named as trustee in the mortgage; the complainant Hyde is the real owner of the security. The defendant filed an answer, and claimed the benefit of a cross-bill, alleging that there was fraud perpetrated upon the defendant in the sale of the lands by the complainant Hyde and one Alonzo L. Foster, who, as tenant in common with Hyde, conveyed the lands to defendant.

The facts appearing by the testimony are that complainant Hyde and Foster held the legal title to the lands in question. It appears, however, that one Warrick Price was a partner with Foster in the lumber business, and was also interested with him in these lands. It is very doubtful whether Hyde knew anything of this relation, but this is immaterial, as we shall see later on. In April, 1890, Warrick Price, who had had some deal with defendant before, informed him that he knew of a good bargain in the Upper Peninsula, and that he had got the lands traded for Iowa lands, which he could sell at a large advance, and proposed to defendant that, if he (the defendant) would furnish the money, he (Price) would pay 5 per cent. on the money advanced on the Michigan lands, and divide the profits in the property with defendant, and defendant assented to this arrangement. In these negotiations Price stated that the Michigan lands could be bought for $20,000. Subsequent negotiations resulted in a meeting between Price, Foster, complainant Hyde, and the defendant. Defendant testified that previous to this he had said to Mr. Price that, before closing any deal, he desired to see the owners of the land; to quote his own language, "I says I want to see these principals in Michigan which you claim to represent." On the occasion of the meeting of the three, it is claimed that Hyde and Foster misrepresented the character and value of the lands in question; and because of these misrepresentations, and of the misstatements of Price, defendant

now seeks to rescind the contract, and defeat the fore-closure of the mortgage in question.

Defendant testified as follows:

"He came to me after these gentlemen came down that morning, and said he had made them an offer of $2,000 less than he had agreed to sell me. I had agreed to put it at $20,000 the day before. When Mr. Hyde and Mr. Foster came down, Mr. Price came in, and told me he had pressed them down $2,000; it was $2,000 our way; instead of being $20,000, he had bought it of them at $18,000. I says, 'All right. You have won $2,000 for us.' He says, 'Yes, I did that. That goes to profit and loss account.'"

It is contended by defendant that complainant Hyde is bound by the representations of Price, for the reason that he has profited by the fraud which it is claimed Price perpetrated upon defendant. But it seems to us that the defendant does not occupy a position entitling him to maintain this claim. If the defendant's testimony as to Price's position as agent is true, then it amounts to this: He (defendant) combined with Hyde and Foster's agent to buy the land of the principals, and to take advantage of the betrayal of trust by the agent, and profit to the extent of $2,000 reduction from the price which he had previously agreed with the agent to pay. If, under these circumstances, he was deceived by the agent, a court of equity will not relieve him.

We think, aside from the false statements of Price, if any, the fraud charged in the cross-bill is not made out by a preponderance of evidence.

But another reason why the relief prayed in this answer cannot be granted is that the proper parties are not before the court. After the sale to Ware, Foster indorsed the note, which was given to Foster and Hyde jointly, to Hyde. The consideration for the land was $18,000, of which $10,-000 was paid in cash. One thousand dollars of this, and the note, were retained by complainant Hyde, and the

other $9,000, in cash, was paid to Foster. Before a rescission of this transaction could be decreed, Foster was a necessary party, and upon defendant's theory Price was also a necessary party. No attempt was made by defendant to bring in these parties; and upon the case and pleadings, as they stood, no decree of rescission could be properly made by the court below.

The decree will be affirmed, with costs.

The other Justices concurred.